UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00059-KKC-EBA

ROSHAUN D. QUARLES,                                                                 PLAINTIFF,

V.                          **REPORT & RECOMMENDATION**

J. REYNOLDS, *et al.*,                                                     DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendants' Motion for Summary Judgment. [R. 33]. Quarles responded to the Motion, [R. 37], and the matter is now ripe for review. For the reasons explained below, the undersigned will recommend that Defendants' Motion be granted.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Per the Plaintiff's Complaint, this case revolves around events that occurred on August 25, 2021. [R. 1 at pg. 2]. Plaintiff Roshaun Quarles claims that on that day he "was placed in segregation for reasons unknown[,]" but that he was then transferred to a cell when he began complaining of feeling ill. [*Id.*]. Defendant Lieutenant Joshua Reynolds transferred Quarles to his new cell and then left to get him a mattress, but when he returned, he directed Quarles to put his hands behind his back to be handcuffed. [*Id.*]. At this point, the parties' narratives diverge. Quarles maintains that he complied with Reynolds' instructions, but that nonetheless Reynolds then maced him for "40 seconds to one minute." [*Id.*]. As Plaintiff describes in his Response, Quarles then states that he was dragged from his cell while still saturated in the chemical agent, that he was then placed into a chair with metal restraints, and that he was not properly decontaminated by medical staff. [R. 37 at pg. 2]. Quarles thus maintains that he was injured and continues to suffer from this

incident and that Defendants Reynolds and Jacqueline Kirby, the unit administrator for the detention facility, violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment and that the parties exhibited deliberate indifference to his medical needs. [R. 1 at pg. 4].[1]

Defendants, however, argue that Plaintiff's rendition of events is inaccurate. Defendants instead explain that Plaintiff did not comply with Defendant Reynolds' instructions and instead argued with him for a considerable amount of time before Reynolds used OC spray to incapacitate Quarles. [R. 33-1 at pg. 3]. However, Defendants maintain that Reynolds did not spray Plaintiff with OC spray for 40 seconds to a minute, but rather sprayed him for a brief and measured amount of time. [*Id.*]. Afterwards, Defendants explain that Quarles still refused to comply which resulted in a cell entry team being assembled, after which Quarles then complied with Reynolds' instructions. [*Id.* at pg. 3]. Quarles was then placed in a restraint chair and examined by a member of the facility's medical staff. [*Id.*]. All these events were recorded via video recording and by reports that were completed by security and medical staff. [*Id.*].

Regardless of these disputes over the central events of this case, Quarles then filed his Complaint against the Defendants on August 3, 2022. [R. 1]. While other Defendants were initially named in this matter, they have since been dismissed from this matter except for Reyolds and Kirby. [*See* R. 7; R. 21].[2] The matter was then referred to the undersigned to conduct pretrial

---

[1] Quarles also mentions a sexual harassment claim against Defendant Reynolds in his Response to the Defendants' Motion for Summary Judgment. [R. 37 at pg. 4]. However, Plaintiff's Complaint does not mention or assert any sexual harassment claim against the Defendants. [*See* R. 1 at pg. 4]. Therefore, because this claim is not properly before the Court, the undersigned will limit his analysis to the Plaintiff's other claims that are properly before the Court.

[2] In an order issued on November 2, 2022, the Court previously directed Plaintiff to ensure that Melissa Pelfrey, a Defendant originally named in this case, was served within 90 days of the entry of the Court's order. [R. 19]. Plaintiff has not filed proof of service since the entry of the Court's order. It is not clear if

proceedings and to prepare recommendations on any dispositive motions. [R. 21]. Defendants Reynolds and Kirby have now moved for summary judgment to dismiss the pending claims against them. [R. 33]. The Court directed Quarles to file a Response [R. 36] and Quarles thereafter filed his Response. [R. 37].

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). The Supreme Court has gone on to hold that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint.'" *Id.* at 249 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290 (1968)). In other words, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252; *see also Bell v. Washington*, No. 22-2132, 2023 WL 6438597, at *3 (6th Cir. Sept. 29, 2023) ("Once the movant has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the summary-judgment motion.") (citation omitted)).

---

the claims against Pelfrey have been formally dismissed, therefore to the extent that these claims have not been dismissed by the Court, the undersigned will recommend that Plaintiff's claims against Pelfrey also be dismissed.

At this juncture in the case, the Court is usually required to view the facts in the light most favorable to the non-moving party, which can mean adopting that party's version of facts when it contradicts the moving party's version of events. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). However, as the Supreme Court has acknowledged in the past, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *Cities Services*, 391 U.S. at 289); *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir. 2003) ("While a court must draw all inferences in a light most favorable to the non-moving party, it may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for that party.") (citation omitted). This is reflected in the FED. R. CIV. P. 56(e), which holds that the Court may grant summary judgment if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)." For example, in *Scott* the Supreme Court held that the respondent's version of events was so discredited by the video tape of the events of the case that that the lower court "should have viewed the facts in the light depicted by the videotape." *Scott*, 550 U.S. at 380–81.

### III.   ANALYSIS

Quarles has asserted Eighth Amendment excessive force claims against Defendants Reynolds and Kirby based on the incident that occurred on August 25, 2021. [R. 1 at pgs. 2-4]. As the Sixth Circuit has explained, the Eighth Amendment "regulates the force that prison guards use on prisoners, *see Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), the

medical care that prison doctors provide prisoners, *see Estelle v. Gamble*, 429 U.S. 97, 102–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and the physical facilities in which prison administrators house them, *see Rhodes v. Chapman*, 452 U.S. 337, 345–47, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)." *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023).

No matter the setting, however, "the ban on cruel and unusual punishments prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Id.* (citations omitted). To determine if this ban has been violated, the plaintiff must demonstrate objective and subjective components. The objective element requires that "harm to a prisoner must rise to a sufficiently serious level because the Eighth Amendment prohibits only 'cruel and unusual' deprivations, not just uncomfortable or 'even harsh' ones." *Id.* (citations omitted). The subjective component requires that "harm to a prisoner must result from a prison official's sufficiently volitional actions because the Eighth Amendment bars only willful conduct that 'inflict[s]' 'punishment,' not accidental conduct that causes injury." *Id.* (citations omitted). While the nature of this test may vary depending on the action or inaction that harmed the prisoner, in the use-of-force context, "the Supreme Court has applied a more demanding subjective test but a more relaxed objective test." *Id.* at 615–16 (citing *Hudson v. McMillian*, 503 U.S. 1, 5–6 (1992)). Ultimately, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

Quarles claims the Defendants used excessive force to subdue him on August 25, 2021. [R. 1 at pgs. 2-4]. He claims that the Defendants used excessive force against him when Reynolds sprayed OC spray for "40 seconds to one minute[,]" dragged him to a restraint chair, and for not being decontaminated properly by the medical staff. [*Id.* at pgs. 2–3]. However, Quarles has presented no evidence, such as affidavits, to support his rendition of events in this case. On the

other hand, the Defendants have presented evidence to support their version of events. Defendants have submitted copies of the incident reports that were prepared in relation to the events that occurred on August 25, 2021, which paint a different picture from the one Quarles asserts in his Complaint. These reports from Defendant Reynolds and other correctional officers on August 25th indicate that Quarles refused to comply with Reynolds' instructions which resulted in Reynolds using OC spray on the Plaintiff, that an entry team was then assembled when Quarles continued to refuse to comply, and that after Quarles agreed to comply, he was taken to a restraint chair and examined and decontaminated by medical personnel. [*See* R. 33-2; R. 33-3; R. 33-4; R. 33-5; R. 33-6; R. 33-7]. Likewise, the video Defendants submitted with their motion also supports this version of events as it clearly demonstrates that Defendant Reynolds only sprayed Plaintiff with OC spray for a few seconds and that a member of the facility's medical staff assisted in Quarles' decontamination after he was placed in the restraint chair. Therefore, both the video and the incident reports clearly contradict Quarles' version of the relevant events.

    The issue for consideration is whether this is a ***genuine*** dispute of material fact that could lead the finder of fact to rule in Quarles' favor. Quarles has provided no proof beyond his own conclusory statements to support his version of events and to support the contention that the motive behind this use of force was improper. Further, Defendants have provided affirmative evidence refuting that contention. [*See id.*]. Nothing has been presented that demonstrates that this dispute of fact between the parties is a genuine dispute that could lead the finder of fact to rule for Quarles. As Defendants assert, the force used against Quarles during this incident appears to have been reasonable and necessary given the circumstances. [R. 33-1 at pg. 3]. And the video and incident reports submitted by Defendants support their version of events and contradict Quarles' assertions of what occurred on August 25th and that the force used against him was improper. [*See* R. 33-2;

R. 33-3; R. 33-4; R. 33-5; R. 33-6; R. 33-7].

As previously indicated, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Because Quarles' version of events and arguments are flatly contradicted by the record and nothing substantive has been presented to support his version of the facts, the undersigned cannot say there is a genuine dispute of material fact or that Quarles has presented evidence to support the contention that the force used in this incident was done maliciously or sadistically or was otherwise improper. Therefore, the undersigned recommends that summary judgment be granted in favor of the Defendants on these claims.

## Conclusion

The undersigned RECOMMENDS that Defendants' Motion for Summary Judgment [R. 33] be GRANTED. Further, to the extent Plaintiff's claims against Defendant Pelfrey have not been dismissed, the undersigned RECOMMENDS that Plaintiff's claims against Defendant Pelfrey also be DISMISSED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections

within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed April 5, 2024.



Signed By:
*Edward B. Atkins*
United States Magistrate Judge